UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 13-cv-05552-TEH<br><br>**ORDER STAYING CASE PENDING RESOLUTION OF STATE COURT CRIMINAL CASE** |

    This matter came before the Court on March 31, 2014, on Defendant's motion to dismiss, or in the alternative, to stay the case. Having considered the arguments of the parties and the papers submitted, the Court GRANTS Defendant's motion to stay for the reasons set forth below.

**BACKGROUND**

    The following facts are taken from Plaintiff's First Amended Complaint ("FAC"): On or about May 17, 2013, around 9:15 PM, Plaintiff Christopher Jones ("Jones") was driving home from work when he noticed an active police light in his rearview mirror. FAC ¶ 17. Upon seeing the light, he turned into the driveway of his residence in Pittsburg, California and stopped his vehicle. FAC ¶¶ 17, 18. Defendant Contra Costa Sheriff's Deputy Shawn Welch ("Welch") and Defendant Contra Costa Sheriff's Deputy Sean Birtcil ("Birtcil") then approached Jones's vehicle and ordered him to get out. FAC ¶ 19.

    Jones alleges that he asked the officers why he had been stopped, and if he could have time to undo his seatbelt and put his vehicle in park. FAC ¶ 20. Without responding to him, the officers reached in and pulled Jones out from his seat. FAC ¶ 21. Welch hit Jones on the left side of his face and then grabbed him and threw him to the ground. FAC ¶ 22. Jones indicated that he was not resisting, but both Welch and Birtcil continued to punch and kick him. *Id.*

Welch and Birtcil then put Jones in handcuffs and leg restraints, placed him in the backseat of a police car, and took him to a police station. FAC ¶¶ 22-24. Because of the restraints, Welch and Birtcil had to carry Jones into the station; while carrying him they hit his head on metal cylinders hanging from the ceiling. FAC ¶ 24. Jones alleges that he sustained serious injuries to his body and mind as a result of these events.

Jones claims that similar allegations have been made against other Contra Costa Sheriff's deputies. FAC ¶ 26. Welch, along with another deputy, were the subject of a civil complaint for use of excessive force and violation of equal protection brought in the Northern District in September 2011, *M.G. v. Contra Costa County*, *et al.*, Case No. C11-04853 (WHA). FAC ¶ 25. Based on these claims, Jones alleges that Defendant Contra Costa County (the "County") adopted a policy, custom or practice of allowing employees to attack individuals during traffic stops without justification, and to do so because of their race. FAC ¶ 27, 28.

Jones brings the following six causes of action against all the Defendants – the County, Welch, and Birtcil: (1) violation of his right to freedom from unreasonable seizures under the Fourth and Fourteenth Amendment of the United States Constitution; (2) violation of his right to freedom from unreasonable seizures under the California Constitution, Article I, Section 13; and his right to equal protection under the California Constitution, Article I, Section 7; (3) assault; (4) negligence under California Government Code § 815.2(a); (5) violation of his right to freedom from racially-motivated violence, intimidation, or threat of violence under California Civil Code Section 51.7; and (6) interference with his exercise and enjoyment of his civil rights under California Civil Code Section 52.1.

The County moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that all seven causes of action fail to state a claim for relief against it.[1] In the alternative, the County argues, the case should be stayed pursuant to the *Younger*

---

[1] Defendants Birtcil and Welch have not been served in the case; only Defendant Contra Costa County moved to dismiss. Def.'s Mot. to Dismiss, at 5 n.1.

1  abstention doctrine pending the outcome of Jones's criminal proceedings in state court for
2  vandalism, California Penal Code Section 594(b)(1); resisting an officer, California Penal
3  Code Section 69; and evading an officer, California Vehicle Code Section 2800.1, all
4  stemming from the same incident alleged here.  *See Younger v. Harris*, 401 U.S. 37
5  (1970).

**LEGAL STANDARD**

When a plaintiff's allegations fail "to state a claim upon which relief can be granted," dismissal is appropriate under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, a court must "accept as true all well-pleaded factual allegations in the complaint" and construe the complaint "in the light most favorable to the plaintiff[]." *Schlegel v. Wells Fargo Bank NA*, 720 F.3d 1204, 1207 (9th Cir. 2013) (internal quotation marks omitted).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The *Younger* abstention doctrine precludes a federal court from enjoining pending proceedings in state court.  *Younger*, 401 U.S. at 45.  In *Younger*, for example, the Supreme Court held that a federal district court could not enjoin a state court criminal proceeding, unless some "extraordinary circumstances" warranted the federal court's intrusion.  401 U.S. at 45, 53.  *Younger* abstention is appropriate when (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin, or have the practical effect of enjoining, the state court. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

**DISCUSSION**

Before considering whether Jones's complaint states a claim for relief, the Court should first evaluate whether to proceed with this case, or stay it pursuant to *Younger*. There is presently a state criminal proceeding against Jones, which satisfies *Younger*'s first factor. *See* Ex. A to Def.'s Req. for Jud. Notice (Superior Court Misdemeanor Complaint No. 176581-7). As to *Younger*'s second factor, the state has a significant interest in enforcing state criminal laws. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977). For example, *Younger* itself involved an intrusion into state criminal proceedings. *Younger*, 401 U.S. at 45.

Regarding the third factor, Jones would have the opportunity to assert his claims in state court as part of his defense. To be found guilty of resisting an officer under California Penal Code § 69 – one of the charges against Jones – the officer must have been engaged "in the performance of his duty" at the time. This requires that officer be engaged in the "lawful" performance of his duties. *Green v. Dunburgh*, No. C01-2437, 2002 WL 1067812, at *3 (N.D. Cal. May 24, 2002); *People v. Olguin*, 119 Cal. App. 3d. 39, 46 (Cal. Ct. App. 1981). In response to any evidence presented by the prosecutor that Jones resisted the officers, Jones could defend those allegations by claiming that the officers were not acting in "lawful" performance because they used excessive force against him, violated equal protection and committed the other offenses that Jones alleges in his federal civil complaint. *See Olguin*, 119 Cal. App. 3d. at 45 ("It is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest"). Jones would thus be able to raise his claims regarding the officers' unlawful conduct in state court, thereby satisfying the third prong. *See Quesada v. City of Antioch*, No. C08-1567, 2008 WL 4104339, at *1 (N.D. Cal. Aug. 29, 2008); *see also Voychuk v. California*, No. 2:05-cv-2007, 2006 WL 738796, at *2 (E.D. Cal. Mar. 22, 2006) (finding *Younger*'s third prong met where plaintiff could defend against assaulting an officer charge by raising excessive force claim to show that officer was not engaged in the lawful performance of his duties).

1   Finally, regarding the fourth prong, if the Court were to hear this case, while it
2   would not actually enjoin the state court, it would have the practical effect of unreasonably
3   intruding on the state court case.  If the Court were to proceed, it would have to evaluate
4   whether the force used on Jones was excessive.  Determining whether the force used to
5   effect a particular seizure is excessive under the Fourth Amendment requires the Court to
6   consider "whether the officers' actions are 'objectively reasonable' in light of the facts and
7   circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989).  "Stated
8   another way, [the Court] must 'balance the amount of force applied against the need for
9   that force.'" *Bryan v. MacPherson*, 630 F.3d 805, 823-24 (9th Cir. 2010) (quoting
10  *Meredith v. Erath,* 342 F.3d 1057, 1061 (9th Cir. 2003)).  In evaluating the need for the
11  officers' force, the Court would thus need to determine whether Jones resisted in any way
12  that would justify the force used on him.  Any ruling by this Court would therefore
13  necessarily intrude on the state criminal matter also seeking to pass judgment on Jones's
14  resistance.  *See* Resisting an Executive Officer, California Penal Code § 69, (listing as
15  element of the crime, to "knowingly resist [an officer], by the use of force or violence").
16  *Younger*'s fourth prong is therefore met because "[a]ny disposition in this civil case prior
17  to the resolution of [the] criminal proceedings may be at odds with the outcome of the
18  criminal proceedings, and thus tantamount to interference with the criminal case."
19  *Stoddard-Nunez v. City of Hayward*, No. 3:13-cv-4490, 2013 WL 6776189, at *4 (N.D.
20  Cal. Dec. 23, 2013).

21  As all four prongs of *Younger* are met, the Court should abstain from Jones's
22  federal civil case presently before it.  Because Jones seeks monetary damages, a stay and
23  not dismissal, is the appropriate form for *Younger* abstention.  *Gilbertson v. Albright*, 381
24  F.3d 965, 968 (9th Cir. 2004).

25  At the hearing, Jones's counsel did not offer any argument that a stay might
26  prejudice Jones.  Nevertheless, the Court notes that if Jones is convicted of any of the
27  offenses in state court, he may then be barred from pursuing his case in this Court due to
28  *Heck v. Humphrey*, 512 U.S. 477 (1995).  *Heck* prohibits claims for damages under § 1983

5

based on any unconstitutional conduct leading up to a conviction, unless that conviction is overturned. Thus, staying the present action now may render Jones unable to ever pursue his claim. Nevertheless, the "strong federal policy against federal-court interference with pending state judicial proceedings" embodied in *Younger* must be heeded and the case should be stayed. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

## CONCLUSION

For the reasons set forth above, Defendant's motion to stay is GRANTED, and the case is stayed pending resolution of Plaintiff's state court criminal case. The Court defers ruling on Defendant's arguments regarding dismissal until the stay is lifted.

**IT IS SO ORDERED.**

Dated: 4/11/14

_____
THELTON E. HENDERSON
United States District Judge

6