UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-05552-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

This matter came before the Court on April 11, 2016 for oral argument on Defendant's motion to dismiss Plaintiff's First Amended Complaint. Having carefully considered the parties' written and oral arguments, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's motion for the reasons set forth below.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's First Amended Complaint ("FAC") and are therefore accepted as true for the purposes of this motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). On or about May 17, 2013, Plaintiff Christopher Jones ("Plaintiff") noticed an active police patrol light in his rearview mirror while driving home from work. FAC ¶ 17 (Docket No. 14). Upon seeing the light, he turned into the driveway of his residence and stopped his vehicle. *Id.* ¶¶ 17, 18. Defendant Contra Costa Sheriff's Deputy Shawn Welch ("Welch") and Defendant Contra Costa Sheriff's Deputy Sean Birtcil ("Birtcil") approached Plaintiff's vehicle and ordered him to get out. *Id.* ¶ 19.

Plaintiff was cooperative and asked the deputies why he had been stopped and if he could have time to unfasten his seatbelt and put his vehicle in park. *Id.* ¶ 20. Without responding to him, the deputies reached in and pulled Plaintiff out of his vehicle. *Id.* ¶ 21. Welch hit Plaintiff on the left side of his face and then grabbed him and threw him to the

1  ground. *Id.* ¶ 22.  Plaintiff did not resist, but both Welch and Birtcil continued to punch
2  and kick him. *Id.*  Welch and Birtcil put Plaintiff in handcuffs and leg restraints, placed
3  him in the backseat of a police car and took him to a police station. *Id.* ¶¶ 22-24.  Due to
4  the restraints, Welch and Birtcil had to carry Plaintiff into the station; while carrying him
5  they hit his head on metal cylinders hanging from the ceiling. *Id.* ¶ 24.

Plaintiff brings six claims against all of the Defendants: the County, Welch, Birtcil, and Doe Defendants 1-50.  The claims are: (1) Section 1983 (use of excessive force during a search and seizure in violation of the Fourth and Fourteenth Amendment of the United States Constitution); (2) Excessive force in violation of the California Constitution, Article I, Section 13 and Article I, Section 7; (3) Assault; (4) Negligence; (5) Ralph Act (violation of right to freedom from racially-motivated violence under California Civil Code Section 51.7); and (6) Bane Act (interference with exercise and enjoyment of civil rights under California Civil Code Section 52.1).  The County moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that all six causes of action fail to state a claim for relief against it.[1]  Docket No. 17.  Plaintiff timely opposed (Docket No. 20), and the County timely replied (Docket No. 21).

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] Defendants Birtcil and Welch have not been served in the case; only Defendant Contra Costa County has moved to dismiss.

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. The non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court may consider the pleadings, along with any exhibits properly attached thereto. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). However, dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

**DISCUSSION**

**I.     Federal Claim (Section 1983 Excessive Force).**

Under 42 U.S.C. § 1983 ("Section 1983"), a person may bring an action against a government employee who, acting under color of law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws" of the United States. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's FAC alleges that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.[2] Plaintiff

---

[2] At the outset, Defendants correctly note that the Court shall only analyze Plaintiff's excessive force claim under the Fourth Amendment, as opposed to the Fourteenth

3

1 cannot hold the County, a municipality, liable for employees' actions under a *respondeat*
2 *superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Instead,
3 municipal liability under Section 1983 must rest on violations that are attributable to the
4 municipality – and not merely acts of employees. *Id.* at 690-91.

### A. Official Policy

The first way Plaintiff may allege sufficient *Monell* liability in the FAC is by alleging an official policy of the County that caused his constitutional deprivation. Plaintiff's allegations as to the County's policy are as follows:

> WELCH and BIRTCIL's Supervising Officers in Contra Costa Sheriff's Office, Contra Costa County, California, and Defendant, COUNTY OF CONTRA COSTA, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the Contra Costa County Sheriff's Office to physically attack individuals during a traffic stop without justification.

FAC ¶ 27. Later, Plaintiff states: "The conduct complained of herein was undertaken pursuant to the policy, practice or custom of the Contra Costa County Sheriff's Office, an agency of [the County]." *Id.* ¶ 35.

"In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward*, No. 12-CV-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. Cty. of San Diego*, No. 10-CV-1057-BTM, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)). Plaintiff's allegations as to the County's purported policy are conclusory legal statements, and fail to identify a specific policy, or show that such policy was the moving force behind the violation of Plaintiff's rights. "While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Roy v. Contra Costa Cty.*, No. 15-CV-02672-TEH, 2016 WL

---

Amendment. See *Graham v. Connor*, 490 U.S. 386, 394 (1989).

4

1 54119, at *4 (N.D. Cal. Jan. 5, 2016). Such a burden is especially important here, where it
2 is facially implausible that the County maintains an official, County-sanctioned policy to
3 attack people during traffic stops without justification.

### B.   Widespread Custom/Practice

In absence of an official municipal policy, a Plaintiff may allege *Monell* liability by alleging an unofficial widespread custom or practice. "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled . . . policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

Plaintiff states:

> [D]efendant CONTRA COSTA COUNTY, through its official policy makers, knew that officers of CC SHERFF [*sic*] operated and continue to operate in such a way as to deprive numerous individuals of their constitutional rights to be free from unreasonable seizures resulting from the use of excessive force. Despite this knowledge, official policy makers have failed to take corrective measures.

FAC ¶ 35. While a policy or practice certainly may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded, Plaintiff only identifies of one other specific case, and states that he "is also informed of pervious [*sic*] similar allegations against other deputies of Contra Costa County Sheriff's Department." FAC ¶ 26. This is by no means enough to constitute a "persistent and widespread" practice, and therefore does not satisfy the pleading requirements of *Monell* and *Twombly/Iqbal*.

///
///

5

### C. Inadequate Training

Finally, Plaintiff may allege *Monell* liability on the basis of inadequate training or a failure to train. "[T]he inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Furthermore, a failure to train may give rise to a *Monell* claim only when the training itself caused the constitutional violation – not in situations where an errant employee caused a constitutional violation, despite adequate training. This ensures that responsibility lies with the correct entity: the municipality. *See Waggy v. Spokane Cnty.*, 594 F.3d 707, 713 (9th Cir. 2010).

Plaintiff offers the following to allege a Section 1983 failure to train theory:

> The failure of WELCH and BIRTCIL's Supervising Officers, and the COUNTY OF CONTRA COSTA to adequately train and supervise the Defendants amounts to deliberate indifference to the rights of JONES to be free from excessive force and unreasonable seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

FAC ¶ 29. This paragraph is the only part of the FAC that addresses the County's training policies, and is quintessentially conclusory. In order to survive a motion to dismiss on *Monell* inadequate training grounds, Plaintiff must articulate which training policy amounted to deliberate indifference; otherwise, holding the County liable for the deputies' actions would be akin to smuggling a *respondeat superior* theory into the claim of municipal liability under Section 1983, and thus creating an end-run around *Monell*. *See Clouthier v Cnty. of Contra Costa*, 591 F.3d 1232, 1255 (9th Cir. 2010).

Plaintiff's bare conclusory allegations do not put the County on notice of the specific training policies that allegedly caused the constitutional violation at issue. *Cf. Bass v. City of Fremont*, No. 12-CV-4943-TEH, 2013 WL 891090, at *4 (N.D. Cal. Mar. 8, 2013). Plaintiff further fails to allege facts to show that the County "disregarded the known or obvious consequences that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Flores v. Cnty. of*

6

*Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (citing *Connick v. Thompson*, ---U.S.---, 131 S. Ct. 1350, 1360 (2011)).

For the reasons stated above, Plaintiff fails to allege *Monell* liability on any theory sufficient to survive the County's motion to dismiss. Therefore, Plaintiff's Section 1983 claim is dismissed. However, the deficiencies may be cured by amendment, through insertion of factual allegations as to the County's unconstitutional policy, custom or practice. Therefore, the dismissal is without prejudice.

## II.     State Law Claims

At the outset, the County argues that it cannot be directly liable for any of Plaintiff's claims for relief grounded on state law without a specific statute declaring it liable. *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003). However, at oral argument, the County conceded that Plaintiff's references to Section 815.2(a) throughout the FAC were sufficient to hold the County liable on a vicarious liability theory. *See, e.g., Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 285 (1991) ("Since the enactment of the California Tort Claims Act in 1963 (§ 810 et seq.), a governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct."). Therefore, the County's motion for dismissal on this basis is DENIED.[3]

### A.     Excessive Force and Denial of Equal Protection (State Constitution)

"The equal protection clause of the California constitution is substantially the same as the equal protection clause of the Fourteenth Amendment to the United States Constitution, and, thus, may be analyzed under the same standard." *Safeway Inc. v. City & Cnty. of San Francisco*, 797 F. Supp. 2d 964, 971 (9th Cir. 2011). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted

---

[3] This is the County's only argument for dismissal of Counts Three and Four (Assault and Negligence); therefore, the County's motion to dismiss those two claims is DENIED.

1   with an intent or purpose to discriminate against him based upon his membership in a

2   protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

3         The allegations in the FAC relating to the Defendants' discriminatory intent are as

4   follows. Plaintiff first sets forth a "strikingly similar" case involving a deputy with the

5   same last name as one of the individual defendants in the instant action:

> In September 2011, a civil complaint was filed against Defendant COUNTY OF CONTRA COSTA and an officer Welch alleging that deputies for Defendant COUNTY OF CONTRA COSTA were engaged in abusive behavior during a similar traffic stop of a vehicle. The matter is *M.G. v. Contra Costa County, et. al*. Case #C11-04853 [. . .]. The complaint alleges that deputies pulled M.G., an African-American minor, from his vehicle without warning, began striking M.G. in the face and rubbing his face on the pavement. The conducts of officers were strikingly similar to those plead herein.

FAC ¶ 25. Then Plaintiff states: "Plaintiff is also informed of pervious [*sic*] similar allegations against other deputies of Contra Costa County Sheriff's Department." *Id.* ¶ 26. Finally, Plaintiff states: "Plaintiff is informed and believes and thereon alleges that the conduct of Defendants . . . as described herein, was motivated by racial prejudice against Plaintiff. Plaintiff is and was readily recognizable as African-American." *Id.* ¶ 42. In Paragraphs 4 and 5 of the FAC, Plaintiff states that Welch and Birtcil are readily recognizable as Caucasian.

      The County moves to dismiss on the basis that Plaintiff did not allege the requisite discriminatory intent for an equal protection claim. *See, e.g. Rojas v. Sonoma Cty.*, No. 11-CV-1358-EMC, 2011 WL 5024511 (N.D. Cal. Oct. 21, 2011) (granting motion to dismiss because no factual allegation existed that the defendant deputy acted with intent to discriminate). However, the Court recognizes that, as a practical matter, it would be extremely difficult for Plaintiff to allege the individual defendants' racial animus absent a blatant comment by one of the defendants – which is highly unlikely – or some degree of discovery.

      Therefore, considering the liberal pleading standard of Federal Rule of Civil Procedure 8(a), and construing the FAC in a light most favorable to Plaintiff, it does not

8

"appear to a certainty that [Plaintiff] would not be entitled to relief under any set of facts that could be proved." *See Plaine v. McCabe*, 797 F.2d 713, 723 (9th Cir. 1986).[4] The County's motion to dismiss Count Two is DENIED. While it may turn out to be true that there is no evidence that Welch and Birtcil acted with racial animus or that the County knew of racially discriminatory practices on the part of their deputies and failed to stop them, this issue will need to be revisited after some discovery, and is premature for this motion to dismiss.

### B. Ralph Act (Cal. Civ. Code § 51.7)

California Civil Code Section 51.7, otherwise known as the "Ralph Act," provides, in relevant part, that all persons in the state "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property . . . on account of any characteristic listed or defined [including race] . . . or because another person perceives them to have one or more of those characteristics." Cal. Civ. Code § 51.7(a). The County argues that Plaintiff fails to allege facts supporting an inference that Defendants were motivated by the perception of Plaintiff's race. Mot. at 9-10 ("The FAC alleges that Plaintiff is African-American, that the Deputies are White, and that Plaintiff's rights were allegedly violated. And the conclusory allegation of racial prejudice is based on information and belief with no facts alleged in support.").

The Court's analysis as to racial animus pursuant to the Ralph Act is identical to the analysis above as to the Equal Protection claim; thus, for the same reasons as above, the Court DENIES the County's motion to dismiss Count Five of the FAC.

///

---

[4] The Court disregards two cases cited by the Count to support the contention that Plaintiff's FAC does not allege sufficient racial animus. *Thornton v. City of St. Helens*, 425 F.3d 1158 (9th Cir. 2005), involved a motion for summary judgment. In *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998), the plaintiff failed to allege membership in a protected class; whereas here, as a threshold matter, Plaintiff is African-American.

### C. Bane Act (Cal. Civ. Code § 52.1)

Section 52.1 of the California Civil Code, otherwise known as the "Bane Act," provides a private right of action for damages against any person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1(b).

The County contends that to state a valid claim under § 52.1, Plaintiff must allege facts showing threats, intimidation or coercion *separate and apart* from his allegations of excessive force, and that Plaintiff has failed to do so. Mot. at 10-11; *see Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012) (rejecting Bane Act claim based on wrongful detention due to a clerical error, holding that "where coercion is inherent in the constitutional violation alleged, i.e., an over detention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met").

The *Shoyoye* Court concluded that section 52.1 was not intended to redress harms "brought about by human error rather than intentional conduct." *Id*. Therefore, "at the pleading stage, the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and [] *Shoyoye* applies only when the conduct is unintentional." *Dillman v. Tuolumne Cnty.*, No. 13-CV-0404-LJO, 2013 WL 1907379, at *20 (E.D. Cal. May 7, 2013). Here, Plaintiff alleges intentional conduct by the Defendants in the form of excessive force; therefore, Plaintiff need not allege a showing of threats, intimidation or coercion independent from the coercion inherent in the use of force. *Id.* at *21.[5] For these reasons, the Court DENIES the County's motion to dismiss Count Six of the FAC.

---

[5] Accordingly, many authorities relied upon by the County are inapposite because they do not involve excessive force claims. *E.g. Gant v. Cty. of Los Angeles*, 772 F.3d 608 (9th Cir. 2014) (unreasonable search and seizure); *Quezada v. City of Los Angeles*, 222 Cal. App. 4th 993 (2014) (POBRA violation and unreasonable search); *see also Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860 (2007) (issue was whether the threats, intimidation or coercion were intended to interfere with child's education).

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS WITHOUT PREJUDICE Defendant's motion to dismiss as to Plaintiff's Section 1983 claim (Count One), and DENIES Defendant's motion as to the remaining claims (Counts Two through Six). Plaintiff may amend his Section 1983 claim, and if he chooses to do so, any amended complaint shall be filed no later than **Tuesday, May 10, 2016**.  The parties shall appear for a further Case Management Conference on **Monday, June 13, 2016** at 1:30 PM in Courtroom 12, on the 19th Floor of the Phillip Burton Federal Courthouse.

**IT IS SO ORDERED.**

Dated:  04/19/16                              _____
                                              THELTON E. HENDERSON
                                              United States District Judge